Estate of Kretchmer : Klinker and wife, Claimants, vs.
Fieweger, Administrator. [Cross-appeals.]

*April 4—June 23, 1930.*

For the claimants there was a brief by *Barber, Keefe, Patri & Horwitz* of Oshkosh, and oral argument by *Frank B. Keefe.*

For the administrator there was a brief by *Bullard & Spengler* of Menasha, attorneys, and *John F. Kluwin* of Oshkosh of counsel, and oral argument by *Mr. Kluwin.*

The following opinion was filed April 29, 1930:

STEVENS, J.  The case presents issues of fact.  The evidence would sustain a finding that deceased had agreed to give claimants her entire estate as compensation for the care given her.  But there is testimony of equally credible and disinterested witnesses which sustains the finding that no such contract was made.  Under that state of the record the findings of the county court must stand and the claim

be allowed at a sum which will measure the reasonable value of the services rendered.

Deducting the eight months for which claimants testified that they did not expect compensation, there remain fifty-two months for which claimants are entitled to be paid. In allowing the claim at $3,750 the trial court allowed approximately $18 a week, which is so clearly in excess of reasonable compensation for supplying a home to one who contributed so largely to the care of the house that it is clearly against the great weight and clear preponderance of the evidence, even if the claimants and some other witnesses did express the opinion that the care given the deceased was worth $25 a week.

Considering the services rendered in the home by the deceased and the absence of any long or serious illness which required personal care, the court is satisfied that any sum in excess of $1,750 would be more than reasonable compensation to the claimants, and that in order to close the matter without further expense to either party that the claim should be allowed at $1,750.

This disposition of the case makes unnecessary consideration of the administrator's appeal from the order denying him the right to offer further proof as to the value of the services rendered by the claimants.

No costs will be taxed by either party, but the fees of the clerk of this court will be paid out of the estate.

*By the Court.*—Judgment reversed, with directions to allow the claim at $1,750.

A motion for a rehearing was denied, with $25 costs, on June 23, 1930.